UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN K. STANLEY, | : | |
| *Plaintiff*, | : | CIVIL CASE NUMBER: |
| | : | |
| v. | : | 3:15-cv-1722-VLB |
| | : | |
| CARL E. TAYLOR, ANTHONY, | : | April 08, 2016 |
| SPINELLA, and ROB VANACORE, | : | |
| *Defendants*. | : | |

## Memorandum of Decision

This case arises from the arrest and prosecution of Steven Stanley. After calling a woman 1,750 times from a blocked number and leaving threatening messages such as "you're going down" and "[you] signed [your] own death warrant," Stanley was arrested and later convicted of criminal violation of a protective order. In this civil rights action, Stanley raises the following three claims. East Hartford Police Officer Rob Vanacore ("Officer Vanacore") unlawfully obtained an arrest warrant because he relied on unlawfully seized telephone records. Superior Court Judge Carl Taylor ("Judge Taylor") acted unlawfully because he presided over a hearing challenging the admission of evidence obtained pursuant to an arrest warrant signed by Judge Taylor. Assistant State's Attorney Anthony Spinella ("Attorney Spinella") improperly introduced telephone records at trial because those records were obtained in violation of state law and not properly disclosed before trial.

The issue is whether the complaint states any cognizable constitutional or federal claims. It does not. The fruit-of-the-poisonous-tree doctrine cannot be invoked to support a claim for false arrest, and the telephone records were

unnecessary to support a finding of probable cause. Judicial immunity protects Judge Taylor. Prosecutorial immunity protects Attorney Spinella. In reviewing the complaint, the Court discovered that Stanley has filed three prior lawsuits dismissed either as frivolous or for failure to state a claim. The Court therefore VACATES its order granting leave to proceed *in forma pauperis* ("IFP") and DISMISSES this action.

## Factual and Procedural Background

Stanley brings this 42 U.S.C. § 1983 complaint against Officer Vanacore, Judge Taylor, and Attorney Spinella. ECF No. 1. The complaint and attached documents contain the following allegations. A woman (hereinafter, "Victim") had a protective order preventing Stanley from contacting her. ECF No. 1-1 (Arrest Warrant) at 4 (.pdf pagination). In March 2012, Victim filed a complaint with the East Hartford Police Department, alleging that she received 50–60 calls per day from a blocked number for several weeks and believed that Stanley had made those calls. *Id.* Officer Vanacore averred that *at that time* he did not believe probable cause to arrest existed because he did not have the phone records to confirm that Stanley had been the person calling Victim. *Id.* at 5.

Officer Vanacore later returned to Victim's home after she again complained—this time alleging that Stanley pulled up to her home on a motorcycle, peeled off, and "did a whole shot." *Id.* at 6–7. Victim's roommate corroborated these allegations. *Id.* Victim later met with a different police officer, and during their meeting, Stanley called Victim several times telling her that she

was "going down" and had "signed her own death warrant." *Id.* at 9. Officer Vanacore thereafter obtained a search warrant for Stanley's phone records and confirmed that Stanley had called Victim 1,750 times. *Id.* at 1, 12. In reliance on these facts, including the seized phone records, Officer Vanacore sought an arrest warrant, averring that there was probable cause to arrest Stanley for, *inter alia*, criminal violation of a protective order. *Id.* at 13.

Judge Taylor signed the arrest warrant (as well as the prior protective order Stanley stood accused of violating). *Id.*; *see also* ECF No. 1 (Compl.) at 6–7. Stanley moved to suppress the telephone records as illegally seized and (unidentified) evidence seized as a result of the purportedly unlawful arrest warrant. ECF No. 1 (Compl.) at 6–7. Judge Taylor presided over that hearing, but his judicial conduct violated Connecticut General Statutes § 51-183h, which forbids a judge from "hear[ing] [a] motion attacking [the] bench warrant which he signed." Conn. Gen.Stat. § 51-183h; *see* ECF No. 1 (Compl.) at 6–7.

Connecticut General Statute § 54-33c requires that "[w]ithin forty-eight hours of such search, a copy of the application for the warrant and a copy of all affidavits upon which the warrant is based shall be given to such owner, occupant or person." Conn. Gen.Stat. § 54-33c. Attorney Spinella admitted that the State did not comply with the statute after seizing the telephone records, ECF No. 1-2 (Trial Tr.) at 25, but he nonetheless introduced those records at trial, ECF Nos. 1 (Compl.) at 8; 1-1 (Proposed Jury Instructions) at 2–3; 1-2 (Trial Tr.) at 22. *Id.* The introduction of those records was also improper because, prior to trial,

3

the criminal court observed that the State would be prevented from introducing phone records if they were not disclosed. ECF Nos. 1 (Compl.) at 8; 1-2 (Hr'g Tr.) at 5. Stanley seeks monetary relief and an order disbarring Judge Taylor and initiating criminal prosecution of Attorney Spinella. ECF No. 1 (Compl.) at 13.

## Discussion

I.  Initial Review

This Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, this Court must dismiss the complaint, or any portion thereof, if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). However, "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks and alterations omitted). An amended complaint is rightfully dismissed when it fails to cure the defects noted in an initial review order. *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal without leave to amend of pro se complaint for failure to state a claim because plaintiff did not fix defects noted in initial dismissal order granting leave to amend).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a complaint for facial plausibility, a district court must "accept[ ] all factual allegations as true and draw[ ] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). Courts should read a pro se complaint with "special solicitude" and interpret the complaint "to raise the strongest claims that it suggests." *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

A.  *East Hartford Police Officer Vanacore*

Stanley alleges that the arrest warrant was obtained in reliance on the unlawfully seized telephone records.[1] Stanley contends that the seizure was unlawful because he was not provided with a copy of the arrest warrant within 48 hours, as required by Connecticut General Statutes 54-33c. This claim fails for several reasons. Whether the arrest warrant was obtained in reliance on illegally seized evidence is of no moment. In effect, Stanley asks this Court to invoke a search-and-seizure doctrine called "fruit of the poisonous tree," which generally

---

[1] Stanley may also be seeking to hold Officer Vanacore liable for failing to notify Stanley of the otherwise valid search. The Court declines to exercise supplemental jurisdiction over this potential claim because it arises, if at all, under state law and the federal claims are dismissed before service. *See Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) ("[W]e have generally held that where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims.").

prohibits the introduction of evidence even if it was the *indirect* product of a constitutional violation. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963). But this constitutional prophylaxis applies to criminal trials, not independent civil proceedings. *Jenkins v. City of New York*, 478 F.3d 76, 91 n.16 (2d Cir. 2007) ("[T]he fruit of the poisonous tree doctrine cannot be invoked to support a section 1983 claim, for the doctrine 'is an evidentiary rule that operates in the context of criminal procedure' and 'has generally been held to apply only in criminal trials.'" (quoting *Townes v. City of New York,* 176 F.3d 138, 145 (2d Cir. 1999)). Relatedly, the claim fails because the doctrine applies only to indirect constitutional violations, not protections afforded by state law. *Cf. United States v. Hall*, 543 F.2d 1229, 1235 (9th Cir. 1976) (ruling evidence admissible despite being "poisonous under state law").

The claim fails for an altogether different reason. The telephone records were not "material" to the finding of probable cause: other witnesses, including another police officer, corroborated Victim's complaints that Stanley violated the no-contact requirement contained in the protective order. Victim's roommate verified that Stanley pulled up to Victim's home on a motorcycle. Another police officer verified that Stanley called and threatened Victim. The telephone records? Icing on the cake. *See Tuccio v. Papstein,* 307 F. App'x 545, 547 (2d Cir. 2009) (affirming dismissal of false arrest claim because false statements were not "material" to probable cause determination). Officer Vanacore's affidavit states

6

only that probable cause was lacking *before* any of these events occurred.  ECF No. 1-1 at 5.  The Court DISMISSES all claims against Officer Vanacore.

### B.     *Superior Court Judge Carl Taylor*

Stanley seeks monetary and injunctive relief from Judge Taylor based on his allegedly improper conduct at trial.  Judicial immunity bars Stanley's claim for monetary relief.  "Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority."  *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988).  Under Connecticut law—or any law for that matter—a hearing to determine the admissibility of evidence is "normally" an act performed by a judicial officer, and Judge Taylor acted as a judicial officer when he ruled on the admissibility of evidence.  Stanley's claims for monetary relief against Judge Taylor are thus barred by judicial immunity and DISMISSED as frivolous.  *See Mills v. Fischer,* 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous.'" (quoting *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011)).

Judicial immunity, however, does not bar a claim for prospective injunctive relief.  *See Pulliam v. Allen*, 466 U.S. 522, 541 (1984).  But Stanley cannot seek an order disbarring Judge Taylor.  A litigant has standing to seek relief only if he shows that it is "likely, as opposed to merely speculative, that [his] injury will be redressed by a favorable decision."  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).  Besides satisfying Stanley's lust for schadenfreude, the Court cannot imagine how Judge Taylor's disbarment would benefit Stanley.  It's highly

unlikely that Judge Taylor would hear a future challenge by Stanley to an arrest warrant signed by Judge Taylor—particularly in light of the fact that Stanley will spend approximately the next fifteen years in state custody.  *See* DOC Website, *available at http://www.ctinmateinfo.state.ct.us* (last visited April 7, 2016). Similarly, it's unlikely that Judge Taylor would hear any future challenge to his protective order.  Stanley neither alleges that the protective order remains in effect nor that it was permanent.  Further, it is the practice of the Judicial Branch to assign each judge to a particular judicial district for one-year terms.  There is no evidence of where Stanley intends to reside on release or where Judge Taylor will be assigned at that time, and there is therefore no basis to believe that there is any possibility that Judge Taylor would be in a position to rule of a restraining order in the future.  Even if this highly speculative event were to occur, Stanley could move to recuse Judge Taylor should he have occasion to appear before him.  The Court DISMISSES the claim for injunctive relief because it is "purely speculative and does not present a 'case or controversy' under Article III." *Naranjo v. City of Philadelphia*, 626 F. App'x 353, 356 (3d Cir. 2015) (dismissing claims to suspend judge's and prosecutor's licenses and jobs).

C.   *Assistant State's Attorney Anthony Spinella*

Stanley seeks monetary relief from Attorney Spinella as well as his criminal prosecution.  Prosecutorial immunity bars Stanley's claims for monetary relief. "Prosecutors are generally immune from liability under 42 U.S.C. § 1983 for conduct in furtherance of prosecutorial functions that are intimately associated

with initiating or presenting the State's case." *Flagler v. Trainor*, 663 F.3d 543, 546 (2d Cir. 2011). Stanley complains about the evidence presented, and the arguments made, during the course of his criminal prosecution. Prosecutorial immunity shields prosecutors from damages associated with this conduct. *Jackson v. Barnes*, 749 F.3d 755, 766 (9th Cir. 2014), *cert. denied*, 135 S.Ct. 980, (2015) ("Jackson focuses his complaint on her statements at trial, her closing argument, her use of DNA evidence, and her reliance on a third-party's perjured testimony. Murphy is shielded from suit for such prosecutorial activity."). Stanley also complains about Attorney Spinella's failure to turn over the telephone records, but this conduct is protected too. *Hill v. City of New York*, 45 F.3d 653, 662 (2d Cir. 1995) ("As to Adago's failure to turn over *Brady* material, the fifth act, this omission occurred after the prosecutorial phase of the case had begun and therefore is protected as a discretionary advocacy function.").

Similar to judicial immunity, prosecutorial immunity "does not bar requests for injunctive relief." *Greene v. Wright*, 389 F.Supp.2d 416, 428 (D. Conn. 2005). Stanley, however, cannot seek the criminal prosecution of another person. *See Sitkovestskiy v. Young*, 2016 WL 386028, at *2 (D. Conn. Feb. 1, 2016) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) ("We affirm the district court's dismissal of Luckett's claims of sabotage, forgery, and perjury, which are crimes and therefore do not give rise to civil causes of action.")). Moreover, similar to Judge Taylor's disbarment, Spinella's criminal prosecution would not remedy the

wrong alleged. *See Naranjo*, 626 F. App'x at 356. The Court therefore DISMISSES the claims for monetary and injunctive relief against Attorney Spinella.

## II.    *In Forma Pauperis*

In February 2016, the Court granted Stanley's motion for leave to proceed IFP. ECF No. 7. However, in the midst of initial review, the Court discovered that Stanley has three prior complaints dismissed as frivolous. *See Stanley v. Rivera*, 12-cv-759, ECF No. 3 (Order denying IFP Status). The Court has independently examined Stanley's prior filing history and agrees with Judge Underhill's determination that Stanley is a three-strikes litigant, as contemplated by 28 U.S.C. § 1915(g). *See, e.g., Stanley v. Mulcahy*, 07-cv-717 (complaint dismissed on June 1, 2007); *Stanley v. Johnson*, 10-cv-1558 (complaint dismissed on June 2, 2011); *Stanley v. DiVenere*, 11-cv-1356 (complaint dismissed on Oct. 20, 2011); *Stanley v. Rivera*, 12-3873 (appeal dismissed on Nov. 1, 2013).

Because the three-strikes provision applies, Stanley may not bring the present action without payment of the filing fee unless he alleges "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[I]ndigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger."). No imminent danger physical danger is presented in a case alleging judicial, prosecutorial, and police misconduct in a criminal case occurring over three years earlier. The Court therefore VACATES its prior order granting IFP status. *See* Fed. R. Civ. P. 54(b)

(permitting a district court to revise any order "any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities").

## Conclusion

For the foregoing reasons, the Court DISMISSES the complaint and VACATES its order granting IFP status. The Clerk is directed to enter a separate judgment in accordance with Federal Rule of Civil Procedure 58. The Clerk is also directed to contact the Connecticut Department of Correction and request that any funds collected from Stanley's inmate account pursuant to his Prisoner Authorization Form be returned. No further funds shall be collected from Stanley's prisoner account pursuant to the Prisoner Authorization Form.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Order dated in Hartford, Connecticut on April 8, 2016.